IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| BRANDON MICHAEL BLACK, § | |
| TDCJ No. 1636419, § | |
|     Petitioner, § | |
| § | |
| v. § | CIVIL ACTION NO. 3:18-CV-0376 |
| § | |
| LORIE DAVIS, Director, § | |
| Texas Department of Criminal § | |
| Justice, Correctional Institutions § | |
| Division, § | |
|     Respondent. § | |

## RESPONDENT'S MOTION FOR SUMMARY JUDGMENT
## WITH BRIEF IN SUPPORT

Petitioner Brandon Michael Black challenges state court convictions for aggravated sexual assault for which he is serving concurrent seventy-five-year sentences. All of Black's claims should be denied and dismissed as barred by the statute of limitations.

## JURISDICTION

Black seeks habeas corpus relief in this Court pursuant to 28 U.S.C. § 2254, which provides the Court with jurisdiction over the subject matter and the parties, as Black was convicted within this Court's jurisdiction.

## PETITIONER'S ALLEGATIONS

The Director understands Black to allege that his trial attorney was ineffective for failing to object to his sentences on the basis that they violate the Eight Amendment prohibition on cruel and unusual punishment. ECF 1, at 6-7.

## DENIAL

The Director denies all of Black's assertions of fact except those supported by the record or specifically admitted herein. In addition, the Director opposes any future, substantive motions filed by Black and will respond to any such motions only upon order of the Court.

## STATEMENT OF THE CASE

The Director has lawful custody of Black pursuant to the judgments and sentences of the 56th Judicial District Court of Galveston County, Texas, in cause nos. 09CR2591, 09CR2803, and 09CR2802. ECF 1, at 2; SHCR-01, at 31–34; SHCR-02, at 30–33; SHCR-03, at 30–33.[1] Black was charged by indictment with three counts of aggravated sexual assault. SHCR-01, at 29; SHCR-02, at 28; SHCR-03, at 28. Black pled not guilty, was tried by a jury, found guilty, and was sentenced by the jury to seventy-five years for each assault, to be served concurrently. SHCR-01, at 31; SHCR-02, at 30; SHCR-03, at 30.

On September 29, 2011, the Fourteenth Court of Appeals of Texas affirmed Black's convictions. *Black v. State*, Nos. 14–10–00453–CR, 14–10–00454–CR, 14–10–00455–CR, slip op. (Tex. App.—Houston [14th] 2011, pet. dism'd). Black filed petitions for discretionary review (PDR) challenging his convictions but they were dismissed as untimely filed. *Black v. State*, PDR Nos. 1609–11, 1610–11, 1611–11 (Tex. Crim. App. 2012).

---

[1] SHCR-01 refers to the written pleadings contained within the Clerk's Record of *Ex parte Black*, No. 88,883-01 (Tex. Crim. App. 2018). SHCR-02 refers to the written pleadings contained within the Clerk's Record of *Ex parte Black*, No. 88,883-02 (Tex. Crim. App. 2018). SHCR-03 refers to the written pleadings contained within the Clerk's Record of *Ex parte Black*, No. 88,883-03 (Tex. Crim. App. 2018).

Black filed three state applications for writ of habeas corpus challenging his convictions, at the earliest,[2] on July 24, 2018. SHCR-01, at 8; SHCR-02, at 8; SHCR-03, at 8. The state habeas applications were denied without written order, on the findings of the trial court without a hearing, on October 10, 2018. SHCR-01, at Action Taken; SHCR-02, at Action Taken; SHCR-03, at Action Taken. This proceeding followed on or around October 8, 2018.[3] ECF 1, at 10.

## RECORDS

Records of Black's state court proceedings have been filed with the Court.

## EXHAUSTION/LIMITATIONS/SUCCESSIVE PETITION

Black's claims are barred by the statute of limitations embodied in AEDPA. 28 U.S.C. § 2244(d). Black's petition is not subject to the successive petition bar. 28 U.S.C. § 2244(b). The Director reserves the right to argue exhaustion and procedural bar pending disposition of this motion for summary judgment on the statute of limitations.

## MOTION FOR SUMMARY JUDGMENT

A party moving for summary judgment bears the burden of informing the Court of the basis for the motion and identifying pleadings and other record evidence demonstrating the absence of any genuine issues of material fact. *Howell Hydrocarbons, Inc. v. Adams*, 897 F.2d 183, 191 (5th Cir. 1990) (citing

---

[2] The Fifth Circuit held that the prison mailbox rule applies to state habeas applications. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). The Director reserves the right to argue a later filing date for all of Black's state habeas applications, as Black does not attest what date he deposited them for mailing.

[3] Black alleges that he mailed his federal writ petition on October 8, 2018, but it was not file stamped by the court until November 1, 2018. Fed. Writ Pet. at 10, 1. The Director reserves the right to argue a later date.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the moving party makes the required showing, then the burden shifts to the nonmoving party to show summary judgment is not appropriate. *Fields v. City of South Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991). However, while summary judgment rules apply with equal force in a federal habeas proceedings, the rule only applies to the extent that it does not conflict with the rules governing habeas review. "Therefore, § 2254(e)(1) - which mandates that findings of fact made by a state court are 'presumed to be correct'-overrides the ordinary rule that, in summary judgment proceeding, all disputed facts must be construed in the light most favorable to the nonmoving party. Unless . . . [the petitioner] can 'rebut [ ] the presumption of correctness by clear and convincing evidence' as to the state court findings of fact, they must be accepted as correct." *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *overruled on other grds by Tennard v. Dretke*, 542 U.S. 274 (2004).

### Black's Claims are Time-barred.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed,

> if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (West 2018).

The Court should dismiss Black's claims as Black has failed to file his federal writ petition within the statute of limitations provided in § 2244(d) of AEDPA. As an initial matter, the record does not indicate that any unconstitutional "State action" prevented Black from filing for federal habeas corpus relief prior to the end of the limitation period. *See* 28 U.S.C. § 2244(d)(1)(B). Also, Black's claim does not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(C). Finally, Black has not shown that he could not have discovered the factual predicate of his claim until a date subsequent to the date his convictions became final. *See* 28 U.S.C. § 2244(d)(1)(D).

Black's convictions were affirmed on September 29, 2011, and he failed to timely petition for discretionary review. *Black v. State*, slip op. at 1; *Black*

*v. State*, PDR Nos. 1609–11, 1610–11, 1611–11. Therefore, his convictions became final thirty days later on October 29, 2011, when his time in which to timely appeal expired. *See Roberts v. Cockrell*, 319 F.3d 690, 693–95 (5th Cir. 2003) (finality determined by expiration of time for filing further appeals); Tex. R. App. Proc. 68.2(a). Accordingly, the one-year limitation period for filing a federal petition expired one year later, on October 29, 2012, absent tolling. 28 U.S.C. § 2244(d)(1)(A).

AEDPA provides that "the time during which a properly filed application for State post–conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." 28 U.S.C. § 2244(d)(2). But Black's state habeas applications failed to toll the limitations period because by the time they were filed, on July 24, 2018, the federal limitations period had already expired. SHCR-01, at 8; SHCR-02, at 8; SHCR-03, at 8; *see Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (stating that a state habeas writ application filed after the expiration of the limitations period has no tolling effect).

The instant petition filed on or around October 8, 2018, is over six years late and is time-barred. ECF 1, at 10. As a result, Black's claim should be dismissed with prejudice as time-barred.

## CONCLUSION

The Director respectfully requests that the Court grant the Director's Motion to for Summary Judgment, dismiss the claims as untimely, and deny a certificate of appealability.

                    Respectfully submitted,

                    KEN PAXTON
                    Attorney General of Texas

                    JEFFREY C. MATEER
                    First Assistant Attorney General

                    ADRIENNE McFARLAND
                    Deputy Attorney General
                    for Criminal Justice

                    EDWARD L. MARSHALL
                    Chief, Criminal Appeals Division


                    <u>s/ Jessica Manojlovich</u>
*Lead Counsel        JESSICA MANOJLOVICH*
                    Assistant Attorney General
                    State Bar No. 24055632
                    Southern District ID No. 783178

                    P. O. Box 12548, Capitol Station
                    Austin, Texas  78711
                    (512) 936-1400
                    (512) 936-1280 (FAX)

                    ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF SERVICE

    I do hereby certify that a true and correct copy of the above and foregoing pleading is being served by placing the same in the United States Mail, postage prepaid, on the 19th day of February 2019, addressed to:

Brandon Michael Black
TDCJ No. 1636419
Connally Unit
899 FM 632
Kenedy, TX 78119

                                              s/ Jessica Manojlovich
                                              JESSICA MANOJLOVICH
                                              Assistant Attorney General