UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| BRANDON MICHAEL BLACK, TDCJ # 01636419, | § § § | |
| Petitioner, | § § | |
| VS. | § | CIVIL ACTION NO. 3:18-CV-0376 |
| LORIE DAVIS, | § § § | |
| Respondent. | § § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Brandon Michael Black, an inmate in the custody of the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent filed a motion for summary judgment (Dkt. 9) and a copy of the state court records (Dkt. 8). Petitioner has not responded to the summary judgment motion, and the deadline to respond has expired. Having reviewed the petition, the summary judgment motion, the applicable legal authorities, and all matters of record, the Court will **dismiss** the petition as time-barred under 28 U.S.C. § 2244(d) for the reasons explained below.

## I.  BACKGROUND

On April 15, 2010, Black was convicted by a jury of three counts of aggravated sexual assault in the 56th Judicial District Court of Galveston County, Case Nos. 09CR2591, 09CR2802 & 09CR2803. The jury sentenced Black to 75 years for each conviction, with sentences to be served concurrently (Dkt. 8-23, at 33; Dkt. 8-25, at 33;

Dkt. 8-27, at 32; *see* Dkt. 1, at 2).[1] On September 29, 2011, the Fourteenth Court of Appeals affirmed his convictions. *Black v. State*, Nos. 14-10-00453-CR, 14-10-00454-CR, 14-10-00455-CR, 2011 WL 4489840 (Tex. App.–Hou. [14th Dist.] Sept. 29, 2011); *see* Dkt 8-15. On April 25, 2012, the Texas Court of Criminal Appeals dismissed his three petitions for discretionary review as untimely filed. *See Black v. State of Texas*, Case Nos. PD-1609-11, PD-1610-11, PD-1611-11 (available at http://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c) (last visited Aug. 21, 2019).

Black filed three applications for state habeas relief. Each application was executed by Black on July 24, 2018 and filed in the trial court on July 31, 2018. *See* Dkt. 8-23 (WR-88,883-01); Dkt. 8-25 (WR-88,883-02); Dkt. 8-27 (WR-88,883-03). On October 10, 2018, the Court of Criminal Appeals denied all three applications without written orders on the findings of the trial court. *See* Dkt. 8-22 (WR-88,883-01); Dkt. 8-24 (WR-88,883-02); Dkt. 8-25 (WR-88,883-03).

Black signed and dated his federal habeas petition on October 8, 2018, two days before the Texas Court of Criminal Appeals denied his state habeas applications. The petition was docketed with the Court on November 1, 2018 (Dkt. 1). He brings one claim of ineffective assistance of trial counsel.

II. **THE ONE-YEAR STATUTE OF LIMITATIONS**

Because Black filed this federal habeas petition after the 1996 effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), his federal

---

[1] Throughout this Memorandum, the Court's citations to specific pages in the record refer to the pagination of docket entries on the Court's electronic case filing ("ECF") system.

petition is subject to the one-year limitations period found in 28 U.S.C. § 2244(d). The limitations period runs from the latest of four accrual dates:

- (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

- (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

- (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

- (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time period during which a "properly filed application for State post-conviction or other collateral review" is pending is not counted toward the limitation period. *Id*. § 2244(d)(2).

Respondent argues that Black's petition is time-barred under § 2244(d). In the section of his form habeas petition regarding limitations, when asked to explain why the petition is not time-barred, Black wrote only, "I believe it[']s timely" (Dkt. 1, at 9). He did not respond to Respondent's summary judgment motion.

Black's convictions were affirmed on September 29, 2011, and he did not file a timely petition for discretionary review. His conviction therefore was final thirty days later, on Monday, October 31, 2011, when his time to seek further review expired. *See*

TEX. R. APP. P. 68.2(a); *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003).[2] His one-year limitations period therefore expired on Wednesday, October 31, 2012. Black's federal petition, signed on October 8, 2018, is nearly six years late and time-barred unless a statutory or equitable exception applies.

Statutory tolling under § 2244(d)(2) does not render Black's petition timely because his state habeas applications were executed on July 24, 2018, after the limitations period already had expired. *See* 28 U.S.C. § 2244(d)(2); *Richards v. Thaler*, 710 F.3d 573, 576 (5th Cir. 2013). Black does not assert a state-created impediment to filing for habeas relief, a constitutional right newly recognized and made retroactive by the Supreme Court, or a newly discovered factual predicate for his claims. *See* 28 U.S.C. § 2244(d)(1)(B)–(D). Black also does not claim, and the record does not suggest, that he is entitled to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (equitable tolling requires a showing that a petitioner has been pursuing his rights diligently and that "some extraordinary circumstance" prevented timely filing of his habeas petition); *Mathis v. Thaler*, 616 F.3d 461, 475 (5th Cir. 2010) (equitable tolling is available only in rare and exceptional circumstances).

Finally, Black does not assert actual innocence. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (a defendant who demonstrates "actual innocence" of his crime of conviction may be excused for failing to comply with the one-year statute of limitations on federal habeas corpus review).

---

[2] Because the thirty-day period from September 29, 2011 ended on Saturday, October 29, 2011, the period is extended until the next working day, which was Monday, October 31, 2011, *See* TEX. R. APP. P. 4.1; FED. R. CIV. P. 6(a)(1)(C).

Accordingly, the petition must be dismissed as untimely filed.

### III. <u>CERTIFICATE OF APPEALABILITY</u>

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir.

2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

IV. **CONCLUSION**

Based on the foregoing, the Court **ORDERS** as follows:

1. Respondent's motion for summary judgment (Dkt. 9) is **GRANTED**.

2. The petition for habeas corpus under 28 U.S.C. § 2254 (Dkt. 1) is **DISMISSED** with prejudice as time-barred.

3. A certificate of appealability is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Galveston, Texas, this 29th day of August, 2019.

_George C. Hanks Jr._
George C. Hanks Jr.
United States District Judge